ABRAHAM ISAAC, RESPONDENT, v. HERMAN ELLIS, IN-
CORPORATED, A CORPORATION, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

1. Plaintiff contracted by telephone to sell defendant five carloads
of heavy melting steel. Each party wrote the other the same
day confirming the agreement. The letters, which crossed in the
mail, were practically the same, except that defendant's con-
tained the words "Suitable and acceptable on our order to Coates-
ville, Pa. * * * We have this day applied for a permit to
cover movement of this material." Plaintiff attempted to make
delivery, but defendant refused to allow shipment because it was
unable to procure a permit from the railroad administration.
Plaintiff sued for breach of contract and recovered judgment. At
the trial defendant contended that the sale was conditional upon
its ability to obtain a permit, which it found impossible to do,
and that the words "Acceptable on our order to Coatesville, Pa.,"
were intended to cover and express that condition, and did not
refer to quality of material. Plaintiff denied that the contract
was thus conditional, and at the close of the whole case defend-
ant moved for direction of a verdict in its favor on the ground
that plaintiff had failed to show affirmatively that the five car-
loads of steels "were acceptable upon the order to Coatesville,"
within the meaning above expressed, which was refused. *Held,*
that an issue of fact was raised as to what the terms of the con-
tract between the parties were, which the trial court properly
left to the jury.
2. A court of review will not consider reasons for the direction of a
verdict which were not presented to the trial court as grounds for
such direction.

On appeal from the Supreme Court.

For the respondent, *Stamler & Stamler.*

For the appellant, *Wight, Wight & Golenbock.*

The opinion of the court was delivered by

ACKERSON, J. The plaintiff and defendant entered into a
contract over the telephone for the sale by plaintiff to defend-
ant of five carloads of heavy melting steel, and thereafter on

the same day each of the parties wrote the other a letter expressing the terms of the agreement as understood by the writer. Defendant wrote plaintiff as follows: "As per conversation we had with you this date we confirm having purchased from you five cars of heavy melting steel suitable and acceptable on our order to Coatesville, Pa., at $16.25 G. T. F. O. B. cars C. R. R. tracks Jersey City, N. J. We have this day applied for a permit to cover movement of this material." Plaintiff's letter to defendant read: "Confirming my telephone call, I beg to confirm sale to you of five (5) cars steel scrap at sixteen twenty-five (16.25) dollars per gross ton f. o. b. cars Jersey City, C. R. R. of N. J. Please have permit issued for these cars at once, as material will be loaded Monday." These letters crossed in the mail. The plaintiff endeavored several times to make delivery, but defendant each time refused to have the steel shipped, claiming that it was unable, because of an embargo on shipments to Coatesville, to procure a permit therefor. Thereupon the plaintiff sold the steel elsewhere, resulting in a loss, brought suit against defendant and recovered judgment from which defendant appeals upon two grounds—*first*, "that said judgment was given for the plaintiff and against the defendant, whereas by the law of the land judgment ought to have been given for the defendant against the plaintiff," and *second*, that the trial judge erroneously denied defendant's motion for the direction of a verdict in its favor at the close of the whole case. Since there is no reason advanced why the judgment should have been for the defendant instead of the plaintiff, other than the refusal of the trial judge to direct a verdict for the defendant, the determination of that question will be dispositive of the whole case.

The record discloses that the sole ground upon which the defendant rested its motion for the direction of a verdict before the trial court was that the plaintiff had failed to show affirmatively that the five carloads of steel "were acceptable upon the order to Coatesville," defendant's contention being that its purchase of the steel was conditional upon its being able to secure a permit from the railroad administration au-

thorizing the shipment, and that the clause "acceptable on our order to Coatesville," was intended to cover that condition, to wit, that the material could be shipped and accepted, in order that it might be used at Coatesville, and did not apply to the quality of the material.

This contention, however, is predicated upon the assumption that the contract is admitted to be based upon the contingency of defendant being able to get the necessary permit for shipment; whereas, the record of the case discloses that the plaintiff expressly denied on the witness-stand that there was any such condition attached to the sale, and that on the contrary the defendant agreed to obtain the necessary permit. The fundamental question, therefore, was whether the contract was made contingent on the ability of the defendant to procure a permit to ship the material, for if there was no such condition, then the plaintiff was under no necessity to prove affirmatively that a permit had been or could be obtained, and upon this question of a condition there was a direct conflict in the evidence, and it was left to the jury to determine, and we think this was proper. It is true that both parties contemplated a movement of the cars by permit, but it does not follow from that fact that the sale was contingent upon the obtaining of the permit. There was a distinct issue of fact raised, and just what the contract between the parties was, the court properly considered was a question for the jury to determine, for there was evidence to support plaintiff's contention as to its terms.

Defendant in its brief, however, advances two other reasons why a verdict should have been directed in its favor. First, that the plaintiff failed to show affirmatively that the kind of material was "suitable" on the defendant's order to Coatesville, and second, with reference to the damages, that there was no proof that plaintiff sold any of the steel ordered at open market after defendant refused to accept it; or the difference in value between the contract price and the market price on or about February 14th, 1919, when defendant claims the material was refused. The point intended to be raised involves the measure of damages. Neither of these reasons,

however, was presented to the trial court as grounds for the direction of a verdict for defendant, nor were the points raised in any other way in the court below, and for that reason cannot be considered here. *Delaware, &c., Ry. Co.* v. *Dailey,* 37 *N. J. L.* 526; *Town of Montclair* v. *Amend,* 76 *Id.* 625.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.